## LAKENAN, Respondent, v. HANNIBAL AND ST. JOSEPH RAILROAD COMPANY, Appellants.

1. A person authorized by a railroad company to collect calls made upon subscriptions of stock, and entitled to receive as compensation a certain rate per cent. of the amount collected, would not be entitled to charge such commissions for receiving and delivering to the treasurer of the company bonds of a city and county with which, in lieu of money, said city and county were allowed to pay the calls on their subscriptions of stock.

*Appeal from Hannibal Court of Common Pleas.*

This was an action to recover compensation for services alleged to have been rendered by plaintiff as collector for defendant, the Hannibal and St. Joseph Railroad Company. Plaintiff, being at the same time one of the directors of the company, was appointed a collector by the following resolution: "September 17, 1851. On motion, ordered that the following persons be appointed collectors, and commissioners to solicit subscriptions of stock, in the different counties, and that they be allowed as compensation one per cent. on the amount collected by them, viz : R. F. Lakenan, in Marion county," &c., &c. The rate of compensation was subsequently increased. Said Lakenan was a director of said company from November, 1850, to November, 1853. He was then collector for Marion county for the years 1851, 1852, 1853. In the year 1851, Marion county subscribed $100,000 and the city of Hannibal $50,000 to the stock of the Hannibal and St. Joseph Railroad ; and said company agreed to take the bonds of the said city and county, in lieu of money, in payment of calls upon their stock. In payment of calls upon these subscriptions, plaintiff received bonds of said city and county, and gave receipts therefor as collector of said company, and delivered said bonds to the treasurer of the company. The plaintiff seeks to recover therefor the usual commission allowed collectors. The court instructed the jury as follows: "1. If the jury believe from the evidence that plaintiff was a director in the Hannibal and St. Joseph Railroad Company at the time of the services charged, yet this fact does not bar plaintiff's right to recover for any services he may have rendered said company as collector or attorney. 2. If the jury believe from the evidence that plaintiff rendered services for defendant in obtaining the bonds of the county and city and delivering them to the treasurer of defendant, and that defendant received his said services, they may presume a request and should find for the plaintiff what they believe his said services were worth, although plaintiff was a direc-

Lakenan v. Hannibal & St. Joseph Railroad Co.

tor at the time.   3. If the jury believe from the evidence that the company agreed to receive from the county and city their said bonds in lieu of money, then the duty of plaintiff as collector required him to obtain or collect said bonds and deliver them to the treasurer of said company ; and if they believe that he did so, he is by law entitled to receive the same compensation as if he had collected and paid over a like sum of money." The jury found a verdict for plaintiff.

*Richmond*, for appellant.

*Lamb*, for respondent.

I. No exceptions were taken to the action of the court in overruling the motion for a new trial.   (Montgomery v. Farrar, 2 Mo. 153 ; Brun v. Dumay, 2 Mo. 102 ;. Shelton v. Ford, 7 Mo. 209.)

II. The plaintiff declared upon a *quantum meruit* and therefore the testimony of Green was admissible, it tending to show the value of the services rendered.   There was no special contract alleged, nor was any such shown in evidence.

III. The fact that plaintiff collected bonds instead of money could not lessen his commissions, as he was directed by the company to receive such bonds in discharge of the subscriptions of Marion county and the city of Hannibal, and this after his appointment as collector, and after the company had fixed the rate of commissions the collectors were to receive.   The duties of the plaintiff as collector were not in the line of his duties as director.

SCOTT, Judge, delivered the opinion of the court.

As it appears that the defendant immediately upon the overruling of his motion for a new trial asked the court to sign his bill of exceptions, and as the bill was signed containing the motion for the new trial, it is sufficiently plain that the overruling of the motion for the new trial was excepted to.   This objection might be met with another answer ; but it is deemed unnecessary to state it.

The only question in the case is, whether the receiving of the bonds from the city and county and the delivery of them to the treasurer of the company and taking his receipt therefor, were services within the terms of the contract with the plaintiff to collect calls on the subscriptions to the stock of the company. It can hardly be necessary to state that the designation of the plaintiff "as collector" by the treasurer of the company, did not make him such, as there is nothing in the record which shows that the treasurer had any authority to bind the company by such admission, or that he had any power to contract for the company in relation to the subject. The failure of the plaintiff to charge his commission for receiving the bonds in his previous accounts for services in collecting which were settled is certainly a circumstance against him, and the force of that circumstance is strengthened by the fact that the claim of compensation for such service was not made until after he left the company's employment. There is a responsibility in receiving money which is not incurred in taking bonds. The board must have had an eye to this responsibility in fixing the compensation for collection. We see all the collectors receiving the same commission. From this we may infer that similar services were, in the contemplation of the company, to be performed. There are counties in which collections were to be made where it does not appear that any bonds were to be received. The city and county having made arrangements with the company by which their bonds were to be taken instead of the money, they were no longer to be called upon for money by the collectors. Such an arrangement placed them beyond the sphere of the contract by the collectors with the company. After the agreement by the company to receive their bonds, the collectors had no authority to call on them. By measuring the commissions of the collectors by a "per cent." there was a clear indication that money only was to be received. The taking of bonds is not a collection of money in the ordinary sense of the term "collect." After the bonds are received the money is still to be collected on them. The testimony of the witness relative to the charges

of lawyers for collections was altogether irrelevant, and had nothing to do with the case. The question presented involved a construction of a special agreement, and the practice and usages of lawyers could not affect it. The second and third instructions given for the plaintiff were erroneous. This is no case for a *quantum meruit*, and the contract to collect did not extend to the taking of bonds. We have given the contract a construction under which the plaintiff himself a long time acted, as may be inferred from his conduct.

Judge Ryland concurring, the judgment will be reversed, and the cause remanded ; Judge Leonard absent.